**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ARTHUR ALBERT HILTS,

                Petitioner,                        Case Number: 04-CV-73859

v.                                             HON. LAWRENCE P. ZATKOFF

TOM BELL,

                Respondent.

                                           /

**OPINION AND ORDER DENYING**
**PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Arthur Albert Hilts has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, challenges his first-degree criminal sexual conduct conviction. For the reasons set forth below, the Court denies the petition.

**I.**

Petitioner pleaded no contest in Isabella County Circuit Court to first-degree criminal sexual conduct involving a person under thirteen years of age, and he pleaded guilty to failing to register as a sex offender. On March 26, 2003, he was sentenced to 180 months to 45 years imprisonment for the criminal sexual conduct conviction and 32 months to 48 months for failure to register as a sex offender.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, presenting the following claims:

    I.      Did the trial court abuse its discretion in scoring OV-4 at ten points and OV-10 at fifteen points, thereby requiring resentencing?

II. Was OV-13 of the sentencing guidelines improperly scored, without objection, resulting in a substantially higher guideline range for defendant than he should have had, thereby constituting ineffective assistance of counsel and necessitating a remand for resentencing?

The Michigan Court of Appeals denied leave to appeal. *People v. Hilts*, No. 253429 (Mich.

Ct. App. Mar. 1, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the

same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court also denied

leave to appeal. *People v. Hilts*, No. 125891 (Mich. Aug. 31, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following

claim:

> The Michigan courts erred when they failed to find that OV–13 of the sentencing guidelines was improperly scored without objection, resulting in a substantially higher guideline range for defendant than he should have received, thereby constituting ineffective assistance of counsel and necessitating a remand for resentencing.

## II.

## A.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing

applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a

petitioner's claims unless the state court's decision was contrary to or involved an unreasonable

application of clearly established federal law.  *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998).

Additionally, this Court must presume the correctness of state court factual determinations.  28

U.S.C. § 2254(e)(1)[1]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give

complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to"

clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly
> established precedent if the state court applies a rule that contradicts the governing
> law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established
> precedent if the state court confronts a set of facts that are materially
> indistinguishable from a decision of this Court and nevertheless arrives at a result
> different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States

Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the

"unreasonable application" clause when "a state-court decision unreasonably applies the law of this

Court to the facts of a prisoner's case."  *Id.* at 409.  The Court defined "unreasonable application"

---

[1]  28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State
> court, a determination of a factual issue made by a State court shall
> be presumed to be correct.

as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

*Id.* at 409-11.

### B.

Petitioner claims that he is entitled to habeas corpus relief because the trial court erred in determining his sentencing guidelines and because his attorney was ineffective in failing to object to the scoring of offense variable-13.

"'[F]ederal habeas corpus review does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), *quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  The Sixth Circuit has held that "[i]n a federal habeas corpus proceeding, it is not the province of a federal appellate court to review the decision of the state's highest court on purely state law.  Federalism requires that we accept the state Supreme Court's decision on state law as being correct as state courts must respect the decisions of federal courts on federal law."  *Long v. Smith*, 663 F.2d 22, 23 (6th Cir. 1981).

Petitioner's argument that the state court erred in scoring his Offense Variable is based solely on state law.  Consequently, this claim is not cognizable on federal habeas corpus review.  *See, e.g., Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (holding that where petitioner seeks relief on the basis of a trial court's application of state sentencing guidelines, petitioner's claim is not cognizable on habeas review); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (holding

that "federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures").

Petitioner also claims that his attorney was ineffective in failing to object to the scoring of OV-13.  Petitioner argues that his attorney should have objected to the scoring because the conduct scored under OV-13 already had been scored under OV-11.  To establish a claim of ineffective assistance of counsel, a habeas Petitioner must show that counsel's performance was deficient, and that counsel's deficient performance prejudiced the petitioner.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 698. In the context of a guilty plea, prejudice will be established if the petitioner shows that a reasonable probability exists that, absent counsel's deficient performance, the sentence would have been less harsh.  *Glover v. United States*, 531 U.S. 198, (2001).

Petitioner has failed to show that OV-13 was improperly scored.  He does not establish that the conduct scored under OV-11 was the same conduct scored under OV-13.  Moreover, even assuming that counsel should have objected to the scoring of OV-13, Petitioner fails to show that absent counsel's failure to object there is a reasonable probability that the sentence imposed would have been less harsh.  Under Michigan law, the maximum sentence for first-degree criminal sexual conduct is life imprisonment.  Mich. Comp. Laws § 750.520b.  The trial court judge stated that he considered the following factors in imposing the sentence: Petitioner's background, the protection of society, Petitioner's potential for reformation, and the deterrence of others.  Thus, Petitioner fails to show that his attorney was ineffective in failing to object and, other than making a conclusory

assertion, Petitioner fails to show that, had his attorney objected, there is a reasonable probability that the outcome would have been different.  The Court, therefore,  concludes that Petitioner has failed to establish that his attorney was ineffective in failing to object to the scoring of OV-13.

### III.

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

s/Lawrence P. Zatkoff
**LAWRENCE P. ZATKOFF**
**UNITED STATES DISTRICT JUDGE**

**Dated:  June 21, 2006**

### CERTIFICATE OF SERVICE

**The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 21, 2006.**

s/Marie E. Verlinde
**Case Manager**
**(810) 984-3290**